78 F.3d 604
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Jeffrey D. LETIZIA, Petitioner,
v.
DEPARTMENT OF HEALTH AND HUMAN SERVICES, Respondent.
 No. 95-3688.
 United States Court of Appeals, Federal Circuit.
 Feb. 13, 1996.
 
 Before ARCHER, Chief Judge, LOURIE, and CLEVENGER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Jeffrey D. Letizia petitions for review of the decision of the Merit Systems Protection Board (Board) dismissing his appeal for want of jurisdiction. We affirm.
 
 
 2
 * Letizia resigned on September 23, 1992, from his job at the Department of Health and Human Services (Department or Agency). Before his resignation, he had sought a transfer to another office of the Department. He also had requested advanced annual leave, or leave without pay, to last several weeks beginning August 3, 1992. Each of his requests had been made in order to better care for an ailing relative. His requests were denied on the ground that his services were required at his job site. Nonetheless, he decided to take his leave without permission. He wrote to his employer that he truly regretted taking leave without proper approval. In his letter, he noted that the needs of the Agency for his services had some importance, but he concluded that the governmental needs could not come close to or equal the needs to care for his relative. Later he was informed by his employer that he had taken leave at his peril, and that he could be removed from his job for the action he had taken. He was requested to return to work. When he did not do so, he was notified of the Agency's intention to remove him. He then resigned.
 
 II
 
 3
 In his appeal to the Board, Letizia attempted to show that his removal was coerced by the Agency. Absent such a showing, Letizia understood that his appeal must be dismissed for want of jurisdiction, because one who voluntarily resigns from government service has no appeal rights to the Board.
 
 
 4
 The Board correctly rejected Letizia's contention that his removal was coerced by the Agency. Letizia does not challenge the Agency's decision that his presence at the job site was required in order to accomplish the public work of the Department. His complaint, instead, is that he was put to the difficult choice of continuing to serve the public interest, or to attend to pressing and genuine family needs. In the annals of humanity, we can applaud Letizia's decision. But in the court of law, he must lose.
 
 
 5
 It is settled law that being put to the tough choice of quitting one's job voluntarily and staying put to fight the Agency over its adverse action does not amount to coercion. Schultz v. United States Navy, 810 F.2d 1133, 1136 (Fed.Cir.1987). Thus, the fact that the Agency proposed to remove him for absence without leave does not show coercion. Nor does the insistence by the Agency that he appear at his designated workplace. On the record before the Board, it necessarily concluded that Letizia's resignation was voluntary.